UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUGUETTE NICOLE YOUNG,

    Plaintiff,

v.     Case No. 3:21cv66-TKW-HTC

GROVER ROBINSON,

    Defendant.
_____/

## ORDER

Plaintiff Huguette Nicole Young, proceeding *pro se*, initiated this action by filing a complaint seeking declaratory and injunctive relief against Defendant Mayor Grover Robinson. ECF Doc. 1. The crux of Plaintiff's complaint is that the City of Pensacola's mask ordinance violates her First Amendment rights. Although Plaintiff does not currently reside in Pensacola, she claims she has visited Pensacola and that she may move to Pensacola in the future. Plaintiff's complaint is similar to over thirty (30) suits Plaintiff has filed across the country since August 2019, many of which, as discussed below, have been dismissed for lack of standing.

Along with Plaintiff's complaint, she also filed a motion to proceed *in forma pauperis* (ECF Doc. 2) and a motion for email filing and notification (ECF Doc. 3). Upon consideration, and for the reasons set forth below, both motions are DENIED.

Because the Court is denying Plaintiff's motion to proceed *in forma pauperis*, she must pay the full filing fee before the Court will take action on her complaint.

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's motion to proceed *in forma pauperis* is being denied because it is deficient and because the Court finds Plaintiff's action to be frivolous. Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915, which states, in pertinent part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of section 1915's provisions to a non-prisoner's complaint).

The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right, but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in*

*forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)).

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). Specifically, under section 1915(e)(2)(B), the Court shall dismiss any claim filed under the *in forma pauperis* statute, which "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

As an initial matter, Plaintiff fails to provide any financial information to the Court sufficient for the Court to determine her indigency status. Instead of filling out the financial affidavit, Plaintiff simply states, "The following questions violate plaintiff's right to privacy. Please see attached Application to Proceeed [sic] IFP." ECF Doc. 2 at 3. The attached "application," however, does not provide the Court with information sufficient to determine Plaintiff's indigency status.

Instead, the self-titled "application" contains seven (7) pages of argument on (1) why the filing fee should be reduced to $100.00 for claims asserting

constitutional violations; (2) why indigency status should be granted regardless of whether Plaintiff provides the Court with financial information; and (3) why 28 U.S.C. § 1915 (the *in forma pauperis* statute) should apply only to prisoners. *Id.* at 5–11. Plaintiff also includes a brief from an appeal in the Ninth Circuit, which was dismissed for Plaintiff's failure to prosecute because she did not pay the docketing/filing fees, *Young v. Richards*, No. 20-35569 (9th Cir. 2020), and an incomplete "Request to Waive Court Fees" form. *Id.* at 12–42.

The Court finds Plaintiff's arguments to be unavailing. As Plaintiff has been told numerous times by other federal courts, if Plaintiff wants to proceed *in forma pauperis*, she must provide the Court with sufficient financial information to make that determination. *See, e.g.*, *Young v. Stothert*, No. 8:20-CV-460, ECF Doc. 8 (D. Neb. Nov. 5, 2020) (denying Young's seemingly identical motion to proceed *in forma pauperis* because, as she fails to do here, Young did not complete the required financial affidavit). In fact, it appears Plaintiff has a practice of not providing the information or following orders of the courts to do so. *See, e.g.*, *Young v. Richards*, 6:19-cv-1924 (D. Ore. May 27, 2020) (denying motion because of lack of information and dismissing case for failure to prosecute); *Young v. Weiser*, 1:20-cv-2485, ECF. Doc. 6 (D. Colo. Sept. 23, 2020) (dismissing action for failing to cure deficiencies, including paying the filing fee or submitting a complete and proper motion); *Young v. Tong*, 3:20-cv-1521 (JAM) (D. Conn. Oct. 22, 2020) (same);

*Young v. Bowser*, 1:20-cv-2883-UNA (D.D.C. Dec. 22, 2020) (same); *Young v. Jennings*, 1:20-cv-1383-CFC (D. Del. Jan. 11, 2021) (same); *Young v. Raoul*, 1:20-cv-5916 (N.D. Ill. Jan. 18, 2021) (same). Because Plaintiff has not provided the Court with information sufficient for the Court to determine her indigency status, her motion is DENIED. *See* N.D. Fla. Loc. R. 5.3.

As an additional matter, although Plaintiff's failure to provide her financial information, alone, is a sufficient basis to deny the motion, the Court also notes that even if Plaintiff had provided the Court with sufficient information, her application would nonetheless be DENIED because she lacks standing to bring this claim. *See Young v. Marshall*, 1:20-cv-495-JB-MU (S.D. Ala. Dec. 4, 2020) (finding *in pauperis* status was not warranted regardless of lack of information because Plaintiff lacked standing and thus dismissing claim and identifying ten other actions filed in other states where Plaintiff claimed she was going to move to those states as a basis for establishing standing).

The Court takes judicial notice that Plaintiff has filed a host of similar actions in other states, and in each case she made the same arguments she does here to establish standing, and in each case that argument was rejected. *See, e.g.*, *Young v. Raoul*, No. 20-CV-3266, ECF Doc. 6, at 3 (C.D. Ill. Nov. 10, 2020) (dismissing Young's similar complaint for lack of standing and noting that "[Young] has filed complaints . . . substantially identical to the complaint . . . in this case in at least 30

other district courts around the country"); *Young v. Rutledge*, 4:20-cv-01185-BRW, ECF Doc. 5 (E.D. Ark. Oct. 7, 2020) (dismissing similar complaint for lack of standing and as "nonsensical"). As the district court in *Young v. Cownie*, 4:20-cv-338-JAJ-CFB, ECF Doc. 5 (S.D. Iowa Nov. 24, 2020), explained in denying Plaintiff's motion to proceed *in forma pauperis* and dismissing the action:

> This is not the only place that plaintiff has attempted to sue public officials for the imposition of a mask requirement. The court honors the many United States district judges who have painstakingly demonstrated the plaintiff's lack of standing, her failure to state a claim upon which relief can be granted and, of course, her failure to allege facts entitling her to preliminary injunctive relief. This court adopts the well-reasoned decision from the Southern District of New York in *Young v. James*, 2020 WL 6572798 (S.D.N.Y. Oct. 26, 2020) to dismiss this case and deny *in forma pauperis* status here and on appeal.

Given these prior orders, the Court finds Plaintiff's claims in this case to be malicious and frivolous.[1] Indeed, just two months ago, the Northern District of Georgia dismissed a similar complaint against the Mayor of the City of Atlanta as "frivolous." *Young v. Bottoms*, 1:20-cv-4431-TWT, ECF Doc. 7 (N.D. Ga. Nov. 3, 2020).

## II. MOTION FOR EMAIL FILING

Plaintiff requests "an order granting permission to email documents to the clerk's office for filing in this case and to receive electronic notifications of case

---

[1] Given Plaintiff's lack of standing, even if Plaintiff were to pay the requisite filing fee, Plaintiff should be aware that her claims would likely be subject to a report and recommendation for dismissal.

Case No. 3:21cv66-TKW-HTC

activity." ECF Doc. 3 at 1. Plaintiff claims she understands various requirements concerning the Court's CM/ECF system. *Id.* at 2–3. Plaintiff's motion is denied.

First, *pro se* plaintiffs are generally not permitted access to CM/ECF in this District. *See, e.g.*, *Universal Life Church Monastery Storehouse, Inc. v. Universal Life Church World Headquarters, Inc.*, 2013 WL 12177847, at *2 (N.D. Fla. Oct. 22, 2013) ("Pro se litigants are not permitted to file documents electronically in the Northern District of Florida."); *Barkley v. Gadsden County Schools*, 2008 WL 11340025, at *2 n.1 (N.D. Fla. Apr. 23, 2008) ("While attorneys may file documents electronically on the court's electronic document, *pro se* parties are not able to do so.").

Second, although the Court has discretion to permit *pro se* parties to file documents electronically in certain circumstances, *see* N.D. Fla. Loc. R. 5.4(A)(3)), Plaintiff has not provided good cause for the undersigned to exercise that discretion. *See McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (unpublished decision) (affirming district court's denial of *pro se* plaintiff's access to CM/ECF to receive electronic notifications because the plaintiff did not demonstrate good cause). For instance, Plaintiff has not shown how she would be prejudiced by not being allowed to electronically file documents, why electronic filing is necessary, or how her circumstances differ from other *pro se*

plaintiffs.  Indeed, Plaintiff has not provided any reasoning for why she should be allowed to submit her filings electronically, rather than by mail.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

2. Within **seven (7) days** from the date of this order, Plaintiff shall pay the $402 filing fee if Plaintiff wishes to proceed with this action.

3. Plaintiff's motion for email filing (ECF Doc. 3) is DENIED.

4. Plaintiff's failure to comply with this order as instructed may result in a recommendation that this case be dismissed due to her failure to prosecute or failure to comply with an order of the Court.

DONE AND ORDERED this 14th day of January, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**