UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUGUETTE NICOLE YOUNG,

    Plaintiff,

v.                                                                 Case No. 3:21cv66-TKW-HTC

GROVER ROBINSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Huguette Nicole Young filed a *pro se* civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 based on the City of Pensacola's facemask ordinance and its alleged infringement of Plaintiff's First Amendment rights. ECF Doc. 1. Plaintiff did *not* submit the filing fee or a complete motion to proceed *in forma pauperis*. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(E). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On January 8, 2021, Plaintiff commenced this action, which is similar to at least thirty (30) suits Plaintiff has filed across the country since August 2019—many

of which have been dismissed for lack of standing because Plaintiff is a resident of Oregon and is not a resident of the cities that have mask ordinances she opposes. Plaintiff also filed a motion to proceed *in forma pauperis* (ECF Doc. 2); however, Plaintiff failed to provide any financial information sufficient for the Court to determine her indigency status.

Instead of filling out the financial affidavit, Plaintiff simply stated, "The following questions violate plaintiff's right to privacy. Please see attached Application to Proceeed [sic] IFP." ECF Doc. 2 at 3. The attached "Application" contained, *inter alia*, seven (7) pages of argument detailing Plaintiff's various grievances with 28 U.S.C. § 1915 (the *in forma pauperis* statute). *Id.* at 5–11. For example, Plaintiff argues the fee should be reduced for constitutional claims and that she should not have to complete the financial forms.

On January 14, 2021, the Court denied Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) as deficient, noting that other courts had rejected similar arguments and dismissed Plaintiff's lawsuits because she failed to correct deficiencies in her motions to proceed *in forma pauperis*.[1] ECF Doc. 5; *see also, e.g.*, *Young v. Weiser*, 1:20-cv-2485, ECF. Doc. 6 (D. Colo. Sept. 23, 2020)

---

[1] The Southern District of Alabama also concluded Plaintiff could not proceed *in forma pauperis* because her claims were frivolous. *See Young v. Marshall*, 1:20-cv-495-JB-MU (S.D. Ala. Dec. 4, 2020) (finding *in forma pauperis* status was not warranted regardless of lack of information because Plaintiff lacked standing and thus dismissing claim and identifying ten (10) other actions filed in other states where Plaintiff claimed she was going to move to those states as a basis for establishing standing).

Case No. 3:21cv66-TKW-HTC

(dismissing action for failing to cure deficiencies, including paying the filing fee or submitting a complete and proper motion); *Young v. Tong*, 3:20-cv-1521 (JAM) (D. Conn. Oct. 22, 2020) (same); *Young v. Bowser*, 1:20-cv-2883-UNA (D.D.C. Dec. 22, 2020) (same); *Young v. Jennings*, 1:20-cv-1383-CFC (D. Del. Jan. 11, 2021) (same); *Young v. Raoul*, 1:20-cv-5916 (N.D. Ill. Jan. 18, 2021) (same).

The Court provided Plaintiff seven (7) days to pay the filing fee if she wished to proceed with this action, instructing Plaintiff that failure to do so may result in a recommendation that this case be dismissed for failure to prosecute or failure to comply with an order of the Court. ECF Doc. 5 at 8.

On January 27, 2021, instead of submitting the filing fee, Plaintiff filed a motion to reconsider, which repeated the same arguments raised in her *in forma pauperis* motion and asserted a variety of new, unrelated, and irrelevant arguments. ECF Doc. 6. Thus, on February 16, 2021, the Court denied Plaintiff's motion to reconsider and again noted that other jurisdictions had rejected nearly identical arguments raised by Plaintiff. ECF Doc. 7; *see also, e.g.*, *Young v. Frey*, 2020 WL 6826418 (D. Me. Nov. 20, 2020) (denying Young's motion to reconsider and rejecting arguments that are identical to those raised by Young in her motion to reconsider in this action (ECF Doc. 6)); *Young v. Rosenbloom*, 2020 WL 7129032, at *3 (D. Or. Dec. 4, 2020) (similar); *Young v. Tong*, 3:20-cv -1521 (JAM) (D. Conn. Oct. 22, 2020) (similar). The Court provided Plaintiff an additional seven (7) days

to submit the filing fee, again instructing that failure to do so may result in a recommendation that this case be dismissed.

Plaintiff's deadline has passed, and Plaintiff has not submitted the filing fee as directed by this Court in two prior orders, ECF Docs. 5, 7. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim if the plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b); *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may . . . dismiss a claim . . . ."). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases . . . [o]n the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[2]

Accordingly, it is respectfully RECOMMENDED:

1.   This case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 3:21cv66-TKW-HTC

2. The clerk be directed to close the file.

Done at Pensacola, Florida, this 4th day of March, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:21cv66-TKW-HTC